Barnard, P. J.
The plaintiff was an employee of the defendant, and was injured by the sudden starting of a machine about which the plaintiff was at the time employed in putting a gang of six saws for a certain piece of work. The evidence upon the part of the plaintiff tended to show that the machine was started of itself. That there was a foot-lever by which a lever-pin or bolt beneath the floor was displaced, and the machine thereby started. This bolt slipped out of its place without the application of the lever.
Upon examination it was seen that the bolt had been used to such an extent as to become useless.
Wilk, a machinist, examined the bolt after the accident, and testifies: “ I found that the pin was worn out that holds the lever down, and that gave out and started the saws * * * the pin was worn out at the end of it where it went into the slot so that it would not hold in.” The pin should have been square and tight fitting. It had become by long use round and loose fitting.
The master’s duty was to use reasonable care in furnishing suitable machinery and tools for the purposes of the employment, and in keeping the same in repair. Kain v. Smith, 89 N. Y., 375; Stringham v. Stewart, 100 id., 516.
Proof was given tending to show that the general manager, Goring, of the defendant in the machine shop was informed of the defect. He attributed the same to sawdust. An examination developed that there was no sawr dust, and that the pin did not catch good. Goring promised to remedy the defect, and did not.
*100 There was no proof of any negligence upon the part of the plaintiff contributing to the injury which, as matter of law, would justify a dismissal of tne complaint for that reason. The plaintiff knew that the bolt did not work well, but the machine had never before started “of itself,” he told the defendant through Goring. The method of putting in his gang of saws was proven to be the right one.
It was proper in so doing to put the hand on the top of the saw. If there was no evidence which, as matter of law, destroyed the plaintiff’s right to recover, the two requests made to the judge to charge are of no weight.
The judgment should be affirmed, with costs.
Pratt, J., concurs; Dykman, J., not sitting.